UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 05-149-JBC

MARYRAYE SPENCER TREADWAY,
ADMINISTRATRIX OF THE ESTATE
OF WILLIAM ALBERT SPENCER, et al.,                                    PLAINTIFF,

V.                  MEMORANDUM OPINION AND ORDER

UNITED STATES OF AMERICA,                                             DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of the defendant, the United States, to dismiss the individual claims of the plaintiffs, Mary Raye Spencer Treadway and Linda Spencer Corea, for loss of consortium pursuant to Federal Rule of Civil Procedure 12(b)(6).  In addition to their response to the motion to dismiss, the plaintiffs filed a motion for this court to certify the question of whether an adult child may state a claim for loss of consortium to the Kentucky Supreme Court.  The court, having reviewed the record and being otherwise sufficiently advised, will grant the United States' motion to dismiss the loss-of-consortium claims and will deny the plaintiffs' motion for certification.

**LEGAL STANDARD**

A dismissal under Rule 12(b)(6) can be granted only when the movant establishes beyond doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must consider the pleadings in the light most favorable to the plaintiff and the

factual allegations in the complaint must be taken as true.  *Jones v. Carlisle*, 3 F.3d 945, 947 (1993).

**ANALYSIS**

William Albert Spencer received treatment from the Department of Veterans' Affairs Medical Center in Lexington, Kentucky.  He died from bladder cancer on September 25, 2002.  In general, the plaintiffs claim that the medical personnel at the VAMC were negligent in failing to diagnose and treat his bladder cancer.  Mr. Spencer's estate seeks compensation for the loss of power to earn income, funeral expenses, lost wages, pain and suffering, and medical expenses.  The defendant's motion to dismiss does not concern these claims.  Rather, the motion to dismiss concerns only the claims of Mary Raye Spencer Treadway and Linda Spencer Corea for the loss of parental consortium of their father.

Pursuant to Kentucky Revised Statutes section 411.135,  parents of a minor child may recover for the loss of affection and companionship of that child in an action for the wrongful death of that minor child.  In *Giuliani v. Guiler*, 951 S.W.2d 318 (Ky. 1997), the Kentucky Supreme Court recognized loss-of-parental-consortium claims for minor children, but nothing in the case addresses whether the cause of action exists for an adult child.  There is no other controlling Kentucky Supreme Court case on the issue, but the Kentucky Court of Appeals found that adult children cannot state such a claim.  *Clements v. Moore*, 55 S.W.3d 838 (Ky. App. 2001); *Smith v. Vilvarajah*, 57 S.W.3d 839 (Ky. App. 2001).  The *Smith* court found that the policy reasons detailed

by the Kentucky Supreme Court in *Giuliani* for allowing a minor child's claim were not present when an adult child seeks to recover for a similar loss. The court adopts the reasoning set out in *Smith* and finds that if faced with the issue, the Kentucky Supreme Court would not recognize such a claim.

The plaintiffs have asked this court to certify the question of whether an adult child may state a claim for loss of consortium. "Resort to the certification procedure is most appropriate when the question is new and state law is unsettled." *Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995). The United States Supreme Court has even recommended using this procedure when unresolved state law issues arise in federal litigation. *See Clay v. Son Ins. Office Ltd.*, 363 U.S. 207 (1965). However, certification to a state high court has not always been useful. *See e.g., Knox v. Eli Lilly Co.*, 592 F.2d 317, 319 (6th Cir. 1979). There is sufficient basis here to determine whether Kentucky would recognize a claim for loss of consortium for an adult child and whether the plaintiff has asserted sufficient facts on which to base such a claim; the decisions of the Kentucky Court of Appeals in *Smith* and *Clements* and of the Kentucky Supreme Court in *Giulani* indicate that an adult child does not have a cause of action for loss of consortium. Accordingly,

**IT IS ORDERED** that the defendant's motion to dismiss the claims of the plaintiffs, Mary Raye Spencer Treadway and Linda Spencer Corea, for loss of consortium (DE 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion of the plaintiffs, Mary Raye Spencer

Treadway and Linda Spencer Corea, for certification (DE 7) is **DENIED**.

Signed on September 21, 2005

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY